Catherine L. O'CONNELL
Plaintiff–Appellant,

v.

Mark AMUNDSON, a marital community; Jane Doe Amundson, a marital community; Duane Schenck; Jane Doe Schenck, a marital community; Dave Macdonald; Jane Does Macdonald, a marital community; Peter Lieurance; Jane Doe Lieurance, a marital community; Tim Douglas, former mayor of the City of Belling-

ham; Don Pierce; Jane Doe Pierce, a marital community; City of Bellingham, a municipal corporation Defendants–Appellees.

No. 00–35126.
DC No. CV 98–1391 JCC.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 12, 2001.

Decided Aug. 3, 2001.

Appeal from the United States District Court for the Western District of Washington John C. Coughenour, Chief District Judge, Presiding.

Before ALARCON, FERNANDEZ, and TASHIMA, Circuit Judges.

## MEMORANDUM *

Catherine O'Connell appeals the district court's entry of summary judgment on her gender discrimination claims. Finding no error, we affirm. Appellant simply did not put sufficient evidence to allow a finding that she was subjected to a hostile work environment on account of her gender. *Ellison v. Brady,* 924 F.2d 872, 875–76 (9th Cir.1991). The environment may not have pleasant, but the conduct which created this unpleasantness was not gender related. *Faragher v. City of Boca Raton,* 524 U.S. 775, 788, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998) ("These standards for judging hostility are sufficiently demanding to ensure that Title VII does not become a 'general civility code.'"). Even if it was, we cannot say that it was so "severe or pervasive" as to alter O'Connell's conditions of employment. *Clark County Sch. Dist. v. Breeden,* 532 U.S. 268, 121 S.Ct. 1508, 1510, 149 L.Ed.2d 509 (2001) (reiterating that "[a] recurring point in [our] opinions is that simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment.'").

Similarly, O'Connell has not submitted sufficient evidence to show either retaliation or disparate treatment in the reorganization of her department and her replacement in a different position. Although Appellant may have met her prima facie burden, Appellees proffered a non-discriminatory reason, and Appellant's evidence did not "demonstrate that the proffered reason was not the true reason for the employment decision." *Texas Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 256, 101 S.Ct. 1089, 67

---

L.Ed.2d 207 (1981). Nor did it show "that a discriminatory reason more likely motivated the employer." *Id.*

**AFFIRMED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.